IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

| | |
|---|---|
| CHROMA CARS, LLC | ) |
| Plaintiff, | ) Civil Action No. |
| v. | ) |
| SMA ALLIANCE, LLC, <br> TIM STEPHENS, individually, <br> ANTHONY BAKER, individually, <br> SARAH BAKER, individually | ) **Jury Trial Demanded** |
| Defendants. | ) |

## COMPLAINT

Now comes Plaintiff, Chroma Cars, LLC, by and through his undersigned counsel, brings this action against Defendants SMA Alliance, LLC, Tim Stephens, Anthony Baker and Sarah Baker for breach of contract and states as follows:

### BACKGROUND

1. Jurisdiction of this Court arises under 15 U.S.C. §2310, 28 U.S.C. §1331 and 28 U.S.C. §1332 as this Court has subject matter jurisdiction based on diversity of citizenship because (a) Chroma Cars does not have a principal place of business in the same state where SMA Alliance was incorporated and operates and (b) the amount in controversy exceeds $75,000.

2. Additionally, venue lies properly in this district pursuant to 28 U.S.C. §1391(b), as a substantial part of the events giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff, Chroma Cars, LLC, (hereinafter referred to as "Plaintiff"), is limited liability corporation and it is incorporated and operating in the State of Indiana, with the physical address of 228 Waterfall Drive, Suite B, Elkhart, IN 46507.

4. Upon information and belief, the Defendant, SMA Alliance, LLC, (hereinafter referred to as "SMA Alliance") is an unincorporated business organization located in the State of Tennessee. SMA Alliance signed the contract that is the subject matter of this case and SMA Alliance has it principal offices located at 530 Church Street, Suite 401, Nashville, TN 37219.

5. Defendant Tim Stephens is an individual that lists his position as Chief Operating Officer at the unincorporated business organization SMA Alliance. Since SMA Alliance was not active at the time the contract in question was signed and is not currently active, Mr. Stephens should be held personally liable for the breach of contract in this matter. Tim Stephens contact address is believed to be 530 Church Street, Suite 401, Nashville, TN 37219.

6. Defendant Anthony Baker is an individual that has held himself out as a representative of the unincorporated business organization SMA Alliance. Since SMA Alliance was not active at the time the contract in question was signed and is not currently active, Mr. Baker should be held personally liable for the breach of contract in this matter. Anthony Baker's contact address is believed to be 530 Church Street, Suite 401, Nashville, TN 37219.

7. Defendant Sarah Baker is an individual that lists her position as founder of the unincorporated business organization SMA Alliance. Since SMA Alliance was not

active at the time the contract in question was signed and is not currently active, Defendant Baker should be held personally liable for the breach of contract in this matter. Sarah Baker's contact address is believed to be 530 Church Street, Suite 401, Nashville, TN 37219.

## **BACKGROUND**

8. On or about March 14th, 2011, Plaintiff and Defendants, entered into a valid contract titled "Software Solution Agreement." (hereinafter the "Agreement").

9. The Agreement was signed by David Wojcik, who listed himself as the VP of Operations of SMA Alliance, LLC, and by Jerry Medlen, the Operations Director for Chroma Cars, LLC.

10. The term of the contract was 12 months and the terms called for a 150 dealer minimum at $125.00 per rooftop. Under these terms, the minimum payment amount that SMA Alliance was obligated to pay was $18,750.00 per month. Agreement attached as Exhibit "A".

11. Under the terms of the Agreement, Plaintiff would provide Web Solutions, Inventory Management, Data Transfer Features and other Automotive Product sets. Defendant would pay at least $18,750.00 per month for these services.

12. Plaintiff fulfilled their obligations under the terms of the Agreement for the first year and even fulfilled their obligations when Defendants began not fulfilling their obligations by paying the amount due under the Agreement.

13. The Agreement could be terminated by either party for any reason with at least a 60 day written notice.

14. The Agreement stated that the Agreement would be renewed each year unless new terms are established.

15. At the end of the first year, no modifications to the Agreement were requested by either party and the the Agreement was renewed for an additional year.

16. The parties continued to fulfill their obligations under the Agreement in the second term until March 5th, 2012, when only a partial payment of $8,000.00 was made for the month of March. <u>Client Balance Detail attached as Exhibit B.</u>

17. The Defendant continued to make partial payments on their outstanding balance until July 26th, 2012. The Defendant made the following partial payments towards their outstanding balance:

    a. $8,000.00 on March 5th, 2012

    b. $8,000.00 on April 2nd, 2012

    c. $2,750.00 on April 27th, 2012

    d. $5,250.00 on April 27th, 2012

    e. $8,000.00 on May 31st, 2012

    f. $8,000.00 on June 22nd, 2012

    g. $8,000.00 on July 26th, 2012

18. When each partial payment was made, the Defendants promised there were pending contracts being discussed and that the Defendants would be exercising the Purchase clause of the Agreement. There were no less than two (2) attempted calls, emails and/or text messages each week regarding these promises.

19. On several occassions, Plaintiff approached Defendant Stephens with new proposals to modify the Agreement and Defendant Stephens notified Plaintiff that

Defendants had a large contract with General Motors that required the dedicated equipment. Defendant Stephens also stated that Defendants understood the minimums in the Agreement and the dedicated equipment fees Plaintiff was incurring.

20. The Plaintiff notified the Defendant that they were in breach of the Agreement and sent multiple requests for payment on the outstanding balance

21. The Defendant notified the Plaintiff that the outstanding balance was valid and that payments would be made soon.

22. At no point during the discussions about the outstanding balance did the Defendant notify the Plaintiff that the Plaintiff had breached the Agreement.

23. On September 1st, 2012, Defendant Anthony Baker acknowledged that $80,000 was past due to Chroma Cars represetative Jerry Medlen and that it would be paid in that month. Message attached as Exhibit C.

24. As of today's date, the outstanding balance that is owed by the Defendant for services performed under the Agreement is $105,628.98.

## CAUSES OF ACTION

### COUNT I - BREACH OF CONTRACT - AGREEMENT

25. Plaintiff hereby avers and incorporates by reference Paragraphs 1-22 as if fully set forth herein.

26. The Agreement between Plaintiff and Defendants is a valid enforceable contract that was supported by adequate consideration.

27. Defendants breached the Agreement with Plaintiff by failing to make payments for services provided to Defendant, pursuant to the Agreement.

28. Defendants' actions are the proximate cause of damages to Plaintiff including, but not limited to, the past due amount of $105, 628.98, court costs, litigation expenses and attorney's fees.

29. Defendants are therefore liable to Plaintiff for breach of contract and owes Plaintiff monetary damages as a result of Defendants' breach of Agreement.

## COUNT II NAMING MEMBERS OF SMA ALLIANCE, INDIVIDUALLY, AND HOLDING THOSE MEMBERS PERSONALLY LIABLE

30. Plaintiff hereby avers and incorporates by reference Paragraphs 1-27 as if fully set forth herein.

31. Upon information and belief, Plaintiff avers that SMA Alliance was inactive and not in exsistence at the time the contract was signed, on or about March 5th, 2012, and is not currently active.

32. Since SMA Alliance was inactive at the time the contract was signed as SMA Alliance, LLC, and the individuals operating under the terms of the contract had knowledge that there was no active limited liability company named SMA Alliance, LLC, the individuals should not have any protections normally afforded by the formation of a limited liability company, pursuant to T.C.A § 48-217-101.

33. The individuals Defendant Tim Stephens, Defendant Anthony Baker and Defendant Sarah Baker falsely operating under the guise of an inactive limited liability company should, thereby, be held personally liable for the debts of the limited liability company that the individuals held out as being in existence.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully demands:

1. That process issue and all parties be required to respond in accordance with the Federal Rules of Civil Procedure;

2. That Plaintiff have the ability to amend this Complaint if new information is discovered in the discover in this matter;

3. For a trial by jury on all issues;

4. That the Court enter a judgment for liability against Defendant SMA Alliance and against the individual Defendants and finds the individuals personally liable for the debts of SMA Alliance, LLC, as it was inactive at the time the contract was signed and throughout the length of the contract;

5. That the Court award the Plaintiff compensatory damages against Defendant for the amount of $105,628.98;

6. That the Court award the Plaintiff court costs, litigation expenses, pre- and post-judgment interest and attorney's fees; and

7. For any and all other relief as this Court deems just and proper.

Respectfully submitted,

MCNULTY & ASSOCIATES, PLLC

Date: 1/30/2013    By: _____
Michael J. McNulty
BPR # 025974
Attorney for Plaintiff
211 Printers Alley, Suite 400
Nashville, TN 37201
(615) 829-8250
michael@mcnultyassociatestn.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 30 day of January 2013, a copy of the foregoing document was sent via U.S. Mail, first class. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All parties that will be served are listed below and will be served by regular U.S. Mail, first-class, postage pre-paid. Parties may access this filing through the Court's electronic filing system.

SMA Alliance, LLC
530 Church Street
Suite 401
Nashville, TN 37219

Anthony Baker
530 Church Street
Suite 401
Nashville, TN 37219

Sarah Baker
530 Church Street
Suite 401
Nashville, TN 37219

Tim Stephens
530 Church Street
Suite 401
Nashville, TN 37219

Respectfully submitted,

MCNULTY & ASSOCIATES, PLLC

Date: 1/30/2013         By: _____
                        Michael J. McNulty
                        BPR # 25974
                        211 Printers Alley, Suite 400
                        Nashville, TN 37201
                        (615) 829-8250
                        michael@mcnultyassociatestn.com