UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| **CHROMA CARS, LLC,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | **Case No. 3:13-0071** |
| v. | ) | **Judge Sharp/Brown** |
| | ) | **Jury Demand** |
| **SMA ALLIANCE, LLC,** | ) | |
| **TIM STEPHENS, individually,** | ) | |
| **ANTHONY BAKER, individually,** | ) | |
| **SARAH BAKER, individually,** | ) | |
| | ) | |
| **Defendants** | ) | |

## INITIAL CASE MANAGEMENT ORDER

In accordance with Local Rule 16.01, the following initial case management plan is **adopted.**

### I. Jurisdiction and Venue

Plaintiff contends the Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332. The parties are completely diverse. Defendant does not contest jurisdiction or venue.

### II. Plaintiff's Theory of the Case

Plaintiff alleges breach of contract by Defendant by violating terms of a contract in which SMA Alliance was obligated to pay $18,750.00 per month. Plaintiff seeks a judgment against the organization and the individual defendants as the organization is an unincorporated business organization in the State of Tennessee. It is Plaintiff's contention that the outstanding balance that is owed by the Defendant for services performed under the Agreement is $105,628.98.

**III.    Defendant's Theory of the Case**

Defendant claims Plaintiff's Complaint fails to state a claim upon which relief can be granted.  The Defendant is a Delaware Corporation.  The Defendant denies that it is obligated to pay the Plaintiff for any services not provided by the Plaintiff and submits that the Plaintiff failed to perform its obligation under the contract.  Defendant denies owing any amount to the Plaintiffs.

**IV.    Identification of Issues**

The parties have addressed the issues enumerated in Fed. R. Civ. P. 26(f) and Local Rule 16.01(d)(1)(c) and represent:

   a.    All parties have been properly served with process;

   b.    Defendant filed an Answer on February 19th, 2013;

   c.    The parties have agreed to the necessary limitation on and timing of discovery as further discussed in this Order;

   d.    The parties agree to the proposed target trial date as specified below;

   e.    The parties agree that settlement is not possible at this time, but they agree the procedures for requesting and holding a settlement conference or ADR process, if necessary, as discussed further below;

   f.    The parties state that there is no need to adopt special procedures for this case as contemplated by Local Rule 16.01(d)(1)(c)(6).;

   g.    The parties state that they will address, in good faith, the matters enumerated in L.R. 16.01(d)(1)(c)(7) as those issues arise during the course of discovery in this case, and the

Plaintiff states, as further outlined in this Order, to all deadlines he feels are necessary in this case;

      h.     The parties do not anticipate any special issues that will arise concerning the disclosure or discovery of electronically stored information, but states that any such information will be produced, at the sole discretion of the producing party, either (1) in the form it is maintained by the producing party, (2) as a .TIFF file, or (3) in paper format;

      i.     The parties do not anticipate any unique issues with regard to claims of privilege or of protection as trial-protection materials; if a party chooses to assert a claim of privilege or protection, they shall do so in the manner required by the Federal Rules of Civil Procedure and in compliance with the Local Rules and this Order; and

      j.     The parties do not request any changes in the limitations on discovery imposed under the Federal Rules of Civil Procedure and the Local Rules of this Court.

## V. NEED FOR OTHER CLAIMS OR SPECIAL ISSUES UNDER RULES 13-15, 17-21, AND RULE 23 OF THE F.R.C.P.

The parties do not anticipate the need to file counterclaims, cross-claims, third-party claims, amended pleadings, motions for joinder of parties and/or claims, etc. However, both Parties reserves the right to file any motion or pleading as they deem necessary in light of issues uncovered during the discovery process, to the extent permitted by the United States Code, the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the Middle District of Tennessee and subject to the objection of the other party.

## VI. WITNESSES, IF KNOWN, SUBJECT TO SUPPLEMENTATION OF EACH PARTY:

      1.     **PLAINTIFF:**

          a.  Jerry Medlen; c/o Chroma Cars, 228 Waterfall Drive Suite B. Elkhart, IN. 46507.

b. Mike Frazer; c/o Chroma Cars, 228 Waterfall Drive Suite B. Elkhart, IN. 46507.

   c. David Wojcik; Nashville, TN

   d. All witnesses identified by all parties to this litigation.

   e. Plaintiff reserves the right to supplement this list at a later time.

2. **DEFENDANT:**

   a. Tim Stephens, c/o Steve Mills, 811 18th Avenue South, Nashville, TN 37203

   b. Sara Baker, c/o Steve Mills, 811 18th Avenue South, Nashville, TN 37203

   c. Anthony Baker, c/o Steve Mills, 811 18th Avenue South, Nashville, TN 37203

   d. All witnesses identified by all parties to this litigation.

   e. Defendant reserves the right to supplement this list at a later time.

VII. **INITIAL DISCLOSURES AND STAGING OF DISCOVERY:**

1. Discovery will be sought regarding the alleged contract, including damages. Further, written discovery and depositions of fact and expert witnesses may be necessary.

2. The parties must make their initial disclosures by **May 3, 2013**.

3. The parties shall complete all written discovery and depose all fact witness on or before **July 5, 2013.**

4. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Magistrate Judge Brown.

5. By **August 30, 2013,** the Plaintiff shall declare to the Defendant (not to be filed with the Court) the identity of his expert witnesses and provide all the information specified in Fed. R. Civ. P. 26(a)(2)(B).

6. By **September 27, 2013**, the Defendant shall declare to the Plaintiff (not to be filed with the Court) the identity of their expert witnesses and provide all the information specified in Fed. R. Civ. P. 26(a)(2)(B).

7. Deadline for expert discovery is **November 22, 2013**.

8. Discovery related motions are due on or before **November 29, 2013**.

9. Discovery is not stayed during dispositive motions, unless ordered by the Court.

## VII.  DISPOSITIVE MOTIONS:

Dispositive motions will be filed on or before **January 6, 2014**. Responses to dispositive motions shall be filed within **28 days** after service. Briefs shall not exceed **25 pages** without leave of Court. Optional replies, limited to **five pages**, shall be filed within **14 days** after service of the response. If dispositive motions are filed early, the response and reply dates are moved up accordingly.

## VIII.  MOTIONS TO AMEND:

The parties shall file all Motions to Amend on or before **May 31, 2013**.

## IX.  ALTERNATIVE DISPUTE RESOLUTION:

a. Until the parties conduct discovery in this matter, they are unable to determine if a settlement conference or scheduling of an ADR program (whether a Court-provided program or otherwise) will be appropriate in this case. If appropriate, the parties will notify the Court of their desire to schedule a settlement conference and/or the time frame for utilizing any ADR program provided by the Court or, if agreed upon by the parties, any ADR program not provided by the Court.

**X. CASE MANAGEMENT CONFERENCE:** A telephone conference with Magistrate Judge Brown to discuss case progress is set for **June 17, 2013, at 10:00 a.m. To participate in the conference call, parties will call 615-695-2851 at the scheduled time**.

**XI. TRIAL DATE:**

The parties estimate that this jury trial will take three days, depending on what issues remain for trial. After consulting with Judge Sharp's courtroom deputy, this matter is set for trial on **June 3, 2014**, **at 9:00 a.m.** Judge Sharp will conduct the final pretrial conference on **May 19, 2014, at 3:30 p.m.** Judge Sharp will issue a separate order covering his requirements for the final pretrial conference and the trial.

It is so **ORDERED**.

    /s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge